JULIA SMITH GIBBONS, Circuit Judge,
concurring.
While determining that Fuson’s sentence is procedurally reasonable is relatively easy, it is far less obvious that the sentence is substantively reasonable. Nevertheless, after much consideration, I join the majority opinion’s conclusion that the sentence should be affirmed. In reaching this result, an important point for me is that six months home confinement was imposed as a condition of probation; another is that Fuson’s period of supervision is the maximum permitted by statute. Yet, other factors counsel against a determination of substantive reasonableness in my mind. Many defendants charged with violations of 18 U.S.C. § 922(g) evidence no intent to use the weapon in a violent manner, support their families, and have not been in trouble for a long time. It is hard for me to see why this defendant was deserving of a very lenient sentence, while others similarly situated have served prison sentences. I must acknowledge, however, that district courts post-Booker have sentencing discretion that in some circumstances permits such disparity. And I agree with the majority that this case differs from Davis, in which our court found a one-day sentence based on the defendant’s age, white-collar offense, and the passage of time substantively unreasonable. I therefore concur, agreeing that the sentence does not cross the boundary *476 line of a district court’s broader sentencing discretion under Booker.